UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| PAOLA KILNGER, | ) |
| | ) CASE NO. 20-12154 EEB |
| | ) CHAPTER 7 |
| Debtor | ) |
| | ) |
| —————————————— | ) |
| | ) |
| PAOLA KLINGER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| NAVIENT SOLUTIONS, LCC, | ) ADV. CASE NO. |
| | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT REGARDING DISCHARGE OF STUDENT LOANS

Plaintiff Paola Klinger ("Plaintiff") by and through her attorney of record, and hereby submits this Verified Complaint regarding the discharge of student loans pursuant to 11 U.S.C. § 523(a)(8), 28 U.S.C. § 2201, and Fed.R.Bankr.P. 7001(9) (the "Complaint").

### JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above captioned Chapter 7 case under Title 11 and concerns the determination as to the dischargeability of obligations of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Sections 1332 and 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction over this Adversary Proceeding pursuant to Section 1367 of Title 28 of the United States Code because the additional claims are related to the core proceeding.

4. This adversary proceeding is a core proceeding under 28 U.S.C. §157, specifically 28 U.S.C. § 157(b)(2)(A), (I) & (O).

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

6. Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

7. Plaintiff Paola Klinger is a natural person who resides in this district who filed for relief under Title 11 of the United States Code on March 23, 2020.

8. Defendant Navient Solutions, LLC. ("Defendant"), is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in the servicing and collection of consumer debt. Navient is a national company with its corporate headquarters in Wilmington, Delaware.

## GENERAL ALLEGATIONS

*A. The Bankruptcy Case.*

9. On March 23, 2020 ("Petition Date"), Plaintiff filed for relief in the United States Bankruptcy Court for the District of Colorado under Chapter 7 of Title 11 of the United States Code (the "Petition").

10. Plaintiff properly scheduled unsecured obligations to Defendant for student loan debt for two loans for $111,083.61 and $37,282.86, for a total of at least $148,366.47 in Schedule F of the Petition.

11. Notice of the meeting of creditors was mailed to Defendant on March 23, 2020.

12. The meeting of creditors took place on April 29, 2020.

13. Objections to discharge were required to be filed on or before June 29, 2020 and no such objections were filed.

14. On June 29, 2020, this Court issued an Order of Discharge for Plaintiff in the underlying bankruptcy case pursuant to 11 U.S.C. § 727.

15. Notice of the Order for Discharge was mailed to Defendants on July 6, 2020.

*B. The Student Loans*

16. Plaintiff attended the Colorado School of Mines from 1990-1991 in pursuit of her undergraduate degree in engineering. One day while attending classes, Plaintiff experience a stress induced episode resulting in a prolonged black out. Following this episode, Plaintiff consulted with therapist to help manage her stress. Unfortunately, these efforts were unsuccessful, and Plaintiff had to leave the program. Plaintiff did not receive a degree and incurred approximately $45,000 in principal student loan debt to pay her college expenses.

17. From 1993 to 1994, Plaintiff tried again to obtain an undergraduate degree this time from Midwest Business College, Inc., dba Barnes Business College ("Barnes"). Plaintiff believed she was earning her associate degree. Later she learned that she was obtaining a certificate to work as an administrative assistant.

18. Plaintiff secured part time employment as a receptionist. However, Plaintiff ceased this employment after only two weeks because of the overwhelming stress induced from managing multiple telephone lines. Afterwards, Plaintiff continued to interview and search for work, but she was unsuccessful.

19. On August 3, 1995, Barnes shut down and filed for relief under Chapter 7 of the Bankruptcy Code, initiating Case No. 95-17944 SBB in the U.S. Bankruptcy Court for the District of Colorado.

20. Plaintiff incurred approximately $20,000 in principal student loan debt while attending Barnes to pay her college expenses. Upon information and belief, all amounts incurred by Plaintiff at Barnes were originally private student loans.

21. Plaintiff was still in pursuit of obtaining an undergraduate degree. She enrolled in the Women's College of University of Denver from 2002 to 2006. Eventually, Plaintiff again begin to experience stress related episodes that prevented her from participating in academic and networking events. It became so debilitating that she could no longer continue taking classes or participating in academic events. Plaintiff did not receive a degree and incurred approximately $52,000 in principal student loan debt to pay her college expenses.

22. Over the years Plaintiff has worked at various jobs making minimum wage, or close thereto. Since 2002 she has been working at her family's accounting firm, Carlos Klinger & Sons, as a payroll coordinator. She also works as a parttime bookkeeper for BCB Services. Her combined gross monthly wages are $986.54 per month, as reported in her bankruptcy filing.

23. Due to Plaintiff's condition, she can only manage repetitive work. Any variances can lead to a stress induced episode.

24. To survive, Plaintiff receives monthly assistance from her family and lives with her parents.

25. Plaintiff is 50 years old.

26. To date, Plaintiff has not received her undergraduate degree.

27. Some or all of Plaintiff's loans were used to pay her college expenses.

28. Upon information and belief, Plaintiff's student loans were made by Sallie Mae. Plaintiff's loans were transferred from Sallie Mae to Navient.

29. Upon information and belief, some or all of Plaintiff's loans were originally held by private lenders.

## FIRST CLAIM FOR RELIEF

### (Claim for Dischargeablility for Undue Hardship pursuant to 11 U.S.C. § 727 and 11 U.S.C. § 523(a)(8))

30. Plaintiff incorporates paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff has incurred more than $148,366.47 in pursuit of her undergraduate degree, including payment of college expenses.

32. To date, Plaintiff does not have her undergraduate degree.

33. Plaintiff's severe anxiety has impaired and will continue to impair her academic and professional performance.

34. Plaintiff's condition affects her ability to handle non-routine tasks and engage in group situations.

35. These conditions have prevented Plaintiff from obtaining her undergraduate degree or being able to adequately perform non-routine tasks.

36. Plaintiff currently makes $11.00 per hour and has never made sufficient income to service her student loan debt.

37. Despite that, Plaintiff has made substantial efforts to repay the student loan debt, and to position herself to be able to service that student loan debt.

38. Plaintiff is fifty years old, unmarried and living with her parents.

39. Plaintiff estimates that servicing her current student loan debt loan would cost approximately $1275.26 per month.

40. Plaintiff cannot possibly maintain even a minimal standard of living if she is required to repay the student loans.

41. Plaintiff's disabilities and disorders will persist for the remainder of Plaintiff's life and through the repayment period of the loans. Her disabilities and disorders have prevented her from obtaining an undergraduate degree or advanced employment, will cost thousands more to obtain her degree, and the nature of those disabilities are such that they will not subside. Furthermore, even if Plaintiff were able to obtain an undergraduate degree, Plaintiff's disabilities and disorders would substantially impair her ability to work in an advanced field and pay off her student loan obligations.

42. Plaintiff has made a good faith effort to repay the loans. Plaintiff has used available deferments and payment plans that are available, but it has not been enough.

43. To date, Plaintiff has paid or caused to be paid approximately tens of thousands of dollars towards the various student loans referenced in this Complaint.

44. Under these circumstances, excepting Plaintiff's student loan obligations from discharge would impose a substantial and undue hardship, well beyond the normal hardship associated with the repayment of obligations.

WHEREFORE, Plaintiffs respectfully request this Court for the following relief related to this First Claim for Relief: An order declaring that all of Plaintiff's student loan obligations are discharged on the grounds that excepting such obligations from discharge under 11 U.S.C. § 523(a)(8) would impose an undue hardship on Plaintiff; and, such other legal or equitable relief that this court may deem appropriate.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment for Dischargeability of Private Student Loans pursuant to 11 U.S.C. § 727 and 11 U.S.C. § 523(a)(8))

45. Plaintiff incorporates paragraphs 1 through 44 as though fully set forth herein.

46. Defendant and/or their subsidiaries was a creditor of the Debtor and/or collector of student loan debts at the time Debtor filed her Petition.

47. Defendant was noticed of Debtor's bankruptcy, the meeting of creditors, and the deadlines for filing objections to discharge.

48. Defendant did not seek an objection to discharge for their claim(s).

49. Upon information and belief, the debts owed Defendant are not educational benefit overpayments, and are not loans made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution.

50. The debts owed to Defendant are not obligations to repay funds received as educational benefits, scholarships, or stipends.

51. In the Tenth Circuit, student loans, they are not "obligations to repay funds received as an educational benefit" pursuant to Section 523(a)(8)(A)(ii). *In re McDaniel*, 973 F.3d 1083 (10th Cir. 2020).

52. Upon information and belief, the debts owed Defendant are not qualified education loans as defined in section 221(d)(1) of the Internal Revenue Code of 1986

53. Upon information and belief, some or all of the obligations owed by Plaintiff at the time her Petition was filed are and were private loans that were not used solely to pay qualified higher education expenses.

54. Additionally, some of the private loans may have been "incurred when Plaintiff was no longer an eligible student.

55. Therefore, the loans were not qualified education loans as defined in 11 U.S.C. § 523(a)(8)(B).

56. As such, some or all of the debts owed from Debtor to Defendant as of the filing of her Petition, do not satisfy the exceptions to discharge under 11 U.S.C. § 523(a)(8) have been discharged.

57. In any event, the Defendant bears the burden of proving that the debts owed to them are excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 287 (1991); *Hoffman v. Educ. Credit Mgmt. Corp. (In re Hoffman)*, 557 B.R. 177, 184 (Bankr. D. Colo. 2016).

WHEREFORE, Plaintiff respectfully requests this Court for the following relief related to this Second Claim for Relief: an order declaring that all of Plaintiff's loan obligations owed to Defendant were discharged in Plaintiff's Chapter 7 bankruptcy case; and such other legal or equitable relief that this court may deem appropriate.

Dated: November 13, 2020

/s/ *Katharine S. Sender*
Katharine S. Sender, #47925
Cohen & Cohen, P.C.
1720 S. Bellaire, Suite 205
Denver, CO 80222
(303) 933-4529
Fax: 1-866-230-8268
ksender@cohenlawyers.com